## LAM CHOCK *et al. vs.* CHUN WAH *et al.*

### IN EQUITY.  BEFORE McCULLY, J.

### DECEMBER, 1881.

Demurrer to bill for dissolution of partnership sustained: *1st.* For non-joinder of representatives of deceased partner: *2d.* Because the partnership agreement, though annexed to the bill, was not made part thereof.

It appearing that the bill discloses matters of equitable jurisdiction, leave · to amend is granted.

### DECISION OF McCULLY, J.

The bill sets forth that the plaintiffs and defendants, together with another person, Chung Luk Hang, now deceased, entered into a co-partnership for mercantile business, on the 18th of November, 1878, at first by oral agreement, afterwards by written articles. The business was carried on till February, 1881. In April following, all the property and effects of the firm were sold under sundry executions, and realized an amount greatly insufficient to satisfy them, and that in consequence the private property of one of the plaintiffs, Lam Chock, has been levied upon to pay the partnership debts. That all the defendants are indebted to the firm in certain amounts both on account of their original subscriptions to capital unpaid, and for goods purchased of the firm which they refuse to pay. The prayer of the bill is for a dissolution of partnership; that a receiver may be appointed, and that the parties be ordered to pay the amounts due the partnership, and also the proportion of remaining liabilities, and for general relief.

Chun Wah, one of the defendants, demurs to the bill.

First. Because of non-joinder of a representative of the deceased partner.

This constitutes a good cause of demurrer. Story, Equity Pleading, §541.

20

Second. Because the partnership agreement although alleged to be annexed, is not made a part of the complaint.

The authority of *Hoffschlaeger vs. Han Same,* 4 Hawn., 418, is cited, in which case promissory notes on which the action was brought were not recited in full in the body of the complaint, but were annexed, but without a reference as being annexed and made a part of the complaint.

In our case the instrument is said to be annexed, but not prayed to be taken as a part of the complaint. It may be said that being found so annexed, it must be understood that it is intended for a part of the bill and nothing else. Perhaps as much as that might be understood if it were annexed by some fastening, and spoken of as one of the facts of the case. But this would clearly bring it within the rule of the above-cited case. I am of opinion that it is defectively pleaded, and sustain the demurrer thereto.

The remaining objections go more to the substance of the bill, and are non-allegation of the different parties to the judgments on which levy is made and non-profert of them, non-allegation that the plaintiffs have on their part performed all they are required to do; that there is no necessity for a decree of dissolution, it being dissolved by the alleged death of one of the partners; that there is no necessity shown for a receiver, as it is alleged that the firm property is all sold and is insufficient to meet the executions, and no debts are owing except from the partners; that it does not appear that the judgments have been satisfied by the plaintiffs; and finally, that there is non-joinder of the plaintiffs because it is alleged that the goods of only one of them have been attached for the partnership debts.

Looking on the bill as a whole, it presents matters for the jurisdiction of a Court in Equity, and in which there is not a complete and adequate remedy at law. The affairs of an insolvent partnership are to be closed. The plaintiffs ask that the Court may formally pronounce the partnership dissolved, although the death of the partner may have had that effect in law. Such a decree is incident to the whole proceeding, and need not be avoided, and therefore may be asked for.

They ask for a receiver as among themselves, averring considerable sums due by defendant partners to the partnership, and exhibiting a state of facts requiring the intervention of some indifferent party. And they ask the aid of the Court in apportioning their liability and in closing finally the transaction.

There being these matters of equitable jurisdiction in the bill, it will not be dismissed, but may be amended pursuant to our rules.

*Castle & Hatch,* for plaintiffs.

*Hartwell* (*Whiting* with him), for defendant.

December 8th, 1881.

———

DECISION OF MCCULLY, J., ON SECOND DEMURRER.

The bill has now been amended—

1. In alleging that the partner deceased left no widow, issue, or other legal representatives, and no property whatever within the jurisdiction of this Court. Upon this allegation it is sufficient to proceed, for there is no interest herein which is unrepresented. Story Equity Pleadings, §78, §91.

2. And by making the partnership agreement a part of the bill.

The bill being thus amended, I am of the opinion expressed in my decision on the first demurrer, that on the whole it presents matters for the consideration of a Court of Equity, and which can be completely remedied in no other Court.

I therefore overrule the second demurrer.